Bank of New York Mellon May it please the court. My name is attorney Steven T Martin I represent the appellant Joseph Castagnaro with the court's permission. I'd ask for to reserve two minutes for rebuttal. Yes Affirming the decision below denies. Mr Castagnaro his right as a homeowner to hold the bank the appellee to its bird burden pursuant to RSA 479 25 to prove that it has the power and the authority to foreclose Indeed the decision below ignores 200 year old precedent Codified by title 48 of the revised statutes annotated requiring parties Foreclosing parties to prove not only that they have a valid mortgage assignment, but that they also hold the original wedding. No The court below relies on one New Hampshire Superior Court decision that's in the minority amongst the other Superior Courts, which all enforced this 200 year old principle But recently the Galvin case out of the United States District Court States that indeed the revised statutes annotated may in fact require the bank to hold both a valid mortgage assignment and the note and That is that is why or one of the reasons why we're asking in this court to certify that question to the New Hampshire, New Hampshire Supreme Court, so we can Determine whether or not the statute in fact It does require that and whether or not we should be enforcing this 200 year old principle That foreclosing party must hold both the a valid mortgage assignment and the note Relatedly the issue is purely a state law issue and because The Galvin decision opens up the question as to whether or not the statute requires it is appropriate for the New Hampshire Supreme Court to make that determination in Event this case cannot be dismissed on a 12b6 motion and the reason is is because it's up to the bank to prove to make a prima facie showing pursuant to the New Hampshire Supreme Court decision in Platt's via Claire in 1919 to show that it in fact does hold valid mortgage assignment and the note prior to foreclosing The reason why the bank has the initial burden of proof is because a petition to enjoin foreclosures Is treated just like a an answer to a complaint in the civil case and the counts therein treated as defenses to the non-judicial foreclosure process Therefore the homeowner may of course very well challenge the validity of the documents purporting to give the bank the power and authority to foreclose Now this must be viewed in the club what would be the question that we would pose to the New Hampshire Supreme Court, the reason I asked that is I Don't think Judge DeClerico necessarily Disagrees with how you summarize the state of New Hampshire law, but he seems to say that that law does not preclude the contracting parties from it essentially agreeing that they're not going to Invoke that law that they're going to reach a different agreement, and there's nothing that prevents that them from doing that and and that agreement meant that the That the mortgage didn't have to follow the note that they could go their separate ways Would that be is that the question that we would pose whether whether parties can Contracting parties can do that Yes, yes, and no, I think your question requires a two-party two-party answer And I'll do my best to address I think both part of those parts of those questions The first is what questions would we ask for certification to the New Hampshire Supreme Court on whether or not the mortgage Must follow the note in all cases whether or not the bank must Show that it has a valid mortgage assignment as well as the blue ink note at the time it initiates foreclosure sale the reason why In this case the the What is the minority opinion? What your honor's cited as to whether or not the contract the parties can contract to do it differently It doesn't work because it could lead to inequitable results The first is of course, you know, the homeowner a homeowner could claim that a mortgage holder Who doesn't hold the note at the mortgage the homeowner could claim that the note holder has an unsecured debt and that of course is contrary To the party's original intent that the note would be secured by the mortgage The second problem is that if we have multiple notes held by multiple parties and only one mortgage assignment then that Mortgagee could potentially enforce or try to collect on the other notes, even though it doesn't hold it worse In under New Hampshire law a foreclosure does not discharge the underlying debt so if we have one entity that holds a mortgage assignment and another entity that holds a note if the mortgagee Forecloses on the homeowner because the debt is not discharged that mortgagee if he doesn't provide the so you sound like you're arguing that That a bank should not be able to I think that's probably how you're viewing this a bank should not be able to Impose on a debtor a rule that would vary the the The New Hampshire law as you understands as you understand it. Those are really the arguments that you're making aren't they? And if so, why? It seems to me it would be an incomplete Presentation to the New Hampshire Supreme Court if we only asked the first question What is the state of New Hampshire law the second question according to judge the clerk or should be can the parties vary that? You think the answer should be no, I do think the answer should be no and I think The issue in this case is that we don't have evidence that the parties agreed That the note and mortgage would be would be split What we have is an original agreement that MERS would hold and hold the mortgage on behalf of the original lender But since then the mortgage and note have each been been transferred to different parties And we don't know whether or not for instance the current mortgage holder or the mortgage holder before the current mortgage holder had a nominee relationship with the Then holder of the note and so we don't know You know if that relationship still exists at this point So going back to the just on that question setting aside whether we know in this case Would that be a question that we should ask of the New Hampshire Supreme Court whether if your first? Position we're not New Hampshire law the note and the mortgage could be split Could they mortgagee count as somebody who doesn't hold the note, but who is acting with the authorization of the note holder I? Asked me is that a question we should We have to ask that question to the New Hampshire Supreme Court to we'd be odd to just say to them Do you have to have a note and the mortgage they say no then what happens? It wouldn't say what would happen the case because as you were just discussing at least it's possible that even without holding the note The mortgage holder could be acting at the authorization of the note holder yes, but I don't I don't necessarily think we need to ask that question in this particular case because We're at the position of a 12b6 motion where the bank hasn't even made any representations That because it's it's a mortgage holder. It has the it's acting as a nominee for the no-holder. I hasn't filed an answer I hasn't filed any affidavits purporting to show that if this were a motion for summary judgment in the bank had made that representation then Yes, I think we would need to ask the New Hampshire Supreme Court that question But in this case, we don't even have the nominee relationship anymore That was lost after MERS transferred the mortgage and after the note was negotiated allegedly I thought they did file documents representing that they are they have the original note. They haven't Proven it I guess but don't they don't they represent that they do have the original note from my reading of the brief, um, yeah for my reading of the The objection to the motion of just to dismiss, right? I don't read the bank is actually admitting it it holds the or we're saying that it holds the original note I thought they said we don't we don't have to have it, but we do Right. I agree. I agree with that that reading of it and The problem with that representation is is that we have two versions of the note in this case We have one version that is marked certified copy across the top, but with an X through it We have another note purporting to show multiple endorsements to other entities and with an alleged a launch purporting to be a part of that that copy of that note with Another two endorsements one of which is undated That really You know confuses the issues and that's why Because the note is so the note holder is so important to the foreclosure process because the note holder as this court is pointed out in The Colthane case controls a foreclosure We need the bank to show that is that it actually holds the original wedding note This Is especially true in a case like this where we have The bank who's not an original party to the original transaction Whereas I've just discussed there are multiple copies of the same note Where that where those copies of the note show endorsements in blank and that are undated so we obviously don't know when they were endorsed and if they were endorsed to the alleged holder of the note prior to the foreclosure process and As the as an interest superior court in much saying is stated You know, those copies must be viewed with skepticism and the courts cannot blindly accept That the note was negotiated prior to the foreclosure Again I just like to go back to the separation of the note and mortgage theory this case although I I pulled the Proposition that the no holder controls and the foreclosure process from the Colthane case Under New Hampshire law That's really the only rule from that case that is applicable in New Hampshire because unlike mass where you can have a separation of the note And mortgage New Hampshire again for 200 years has required that When the note when the mortgage is assigned at the note be similarly negotiated And not the not the other way around Just on just could say something about the the mortgage language the nominee language in the mortgage and what the significance of that would be again if we If New Hampshire law were to say that the note and the mortgage could be split What's the significance of the nominee language in the mortgage itself with respect to whether? the bank could be said to be acting at the authorization of the lender I Guess are you asking what the significance of that language would be if okay? Again I think the significance is is that at the sure at the outset of the transaction I guess the better way to answer that question is the parties didn't intend to separate the note and mortgage at the outset of this Transaction what they intended to do was to give MERS the authority to act on behalf of lender as as the lenders nominee but because MERS ultimately assigned the mortgage to some other entity and because ultimately the note was then negotiated to some other entity We don't know if the second entity holding the mortgage, you know, the second entity holding note have the same nominee relationship So there was no intent in this case to to separate the mortgage But I guess that's a potential legal question where they have to or whether the original Language the nominee language in the mortgage is enough to allow MERS to keep passing that on so that anybody who gets that mortgage can then act Saying they have been designated to act as an agent for whoever the lender is. I think it could work I think if we knew whether or not The lenders are were MERS members if we knew whether the lenders were MERS members and MERS was assigning the mortgage within that framework I Don't want to say definitive Yes but I think that would be a better case for the bank than this case where we don't know if All these subsequent lenders or all these subsequent note holders are within the MERS network and whether MERS could Had that nominee relationship with each of them where they could it could transfer it back and forth I See that I'm about to run out of time here So you say whether that might just your answer to my last question might suggest you would want us to put a second question to the New Hampshire Supreme Court What that might look like because what you're suggesting is that you might? find advantageous A reading of New Hampshire law that wasn't that the note and the mortgage have to be together What was instead that even if they don't have to be together? This nominee language would not suffice to count as whatever authorization might be required Frankly your honor. I don't think it would hurt to have that additional question I don't think it's necessarily necessary in this case, but I don't think it would hurt For cases, you know going forward including perhaps this one Again just to conclude I'd ask this court to Certify the questions that we discussed in here Supreme Court in the alternative Reverse a decision Below thank you Good afternoon your honors may please the court. I'm Elizabeth Tinkovich, and I am representing the defendant appellee Bank of New York Mellon this court should affirm the district courts ruling below because it made the correct decision in determining that nothing under New Hampshire statute or Binding common law requires that a mortgagee must prove up The chain of possession of a note in order to conduct a foreclosure based on a mortgage's power of sale the common law of the state of New Hampshire this 200 year old common law in numerous instances mentions cases where a mortgagee conducts a foreclosure that May or may not actually hold all the notes that are secured by the mortgage For example in page B Pierce We had a situation where a mortgagee held several of the notes that were secured by the mortgage it conducted a foreclosure and the court determined that the Mortgage the foreclosure the benefits of the foreclosure still had to go to all of the note holders Whose debts were secured by the mortgage so that still is consistent with the theory that we're putting forth It doesn't require that the mortgagee has to prove up note ownership in order to conduct the foreclosure It at the end of the day just has to be accountable to the owners of the notes that are secured by the mortgage Your theory is then that you could be acting without any authorization not even as an agent of the note holder No, your honor, especially when you have to be an agent with the authorization of the note holder The key the key decisional point is that the mortgage always has to tie back to the debt so regardless of whether you can show up with a physical note because there are occasions when the debt doesn't disappear just because the note might The the key is that the any of any foreclosure proceeds I understand that I totally understand that I'm asking a different question Which is I understand when you foreclose The bank forecloses whatever proceeds they get out of that is gonna have to go back to the correct But but I understand your position to be that if the lender wrote you a letter saying whatever you do don't foreclose It is not in my interest Your position would be you could still foreclose because you just hold the mortgage No, your honor Why not because under the the terms of the mortgage that are at issue here you have a mortgage that has been granted to merge Specifically in its nominee capacity. I understand that that's an argument that authorization was granted here But there's a prior question, which is whether as a matter of New Hampshire law You even have to show that you were acting with authorization and I'm curious. I have read your brief to take the position that Just because the word mortgagee anybody that holds a mortgage Gets to foreclose under that provision Regardless of whether they're acting with the authorization of the lender, but if that's not your position, that's fine Then I guess the item be what counts as authorization. I think it just requires a bit more finessing the Mortgagee can foreclose the mortgage without having to make some kind of prima facie Evidence that it also it holds the note or that it acts specifically for a note holder especially when you apply that to the terms of the mortgage that are Issue here the mortgagee has to be acting to the benefit of the note holder And I mean in summers is named the mortgagee and its successors They are bound to the terms of the mortgage contract and the terms of the mortgage contract here make clear that any Foreclosure and any enforcement of the mortgage is done for the benefit of the lender, which is the original lender and its successor note holders appellant worries about the possibility if the if the note and the mortgage can go their separate ways that Potentially the debtor could face a situation in which a foreclosure Has taken place the proceeds are not applied to the indebtedness that's reflected in that note and The debtor could still remain liable For the for the face amount of that note they worry about that Are you saying that under New Hampshire law that could not happen? Yes, your honor I'm saying that well, there's no New Hampshire law that that anywhere says that once a mortgage has been foreclosed by a mortgagee that There still would be More I think you could look to the Galvin to decision which recently came out from the New Hampshire District Court that looked at this Question and said the New Hampshire Supreme Court has never expressly countenance post foreclosure deficiency claims from a mortgage holder Who is not also the note holder? It's slightly different than your question But the the issue here is that it wouldn't happen because under the terms of the mortgage The only way that one could foreclose the mortgage is if the note the payment on the debt Obligation was breached. So under the terms of the mortgage the mortgagee can only foreclose the mortgage in certain Contractually set forth circumstances such as the breach of the payment obligation. So you're not under this system as it exists, you don't have you haven't given the authority to MERS or its successors to go and foreclose on a whim without and without instruction from the owner of the note because There has to be a breach of the note in order the foreclosure to happen And so in the theory in the hypothetical that you posit if there were to be some Mortgagee who went and conducted a foreclosure It still is liable to pay back that money from the foreclosure To the owner of the debt because under New Hampshire law the mortgage is tied to the debt so the any action the note holder would have would lie against the mortgagee that conducted the foreclosure because those funds are due from the Foreclosing mortgagee to the owner of the debt. What if the lender didn't want the foreclosure to happen? Because say they thought it was more sensible to modify or some other way of Handling the problem rather than going into foreclosure. What rights does the lender have? Against a mortgagee on your theory who wants to foreclose regardless of whether the lender thinks that's a good idea Well, the mortgagee operates at the pleasure of the owner of the debt underneath the system one way to ensure that would be to require proof of that before you could act under this statute to do a Bond-back they say well you haven't shown that you're acting at the behest of the lender Therefore you can't get the benefit of the statute just sort of like in Eaton Well, there are lots of things that you could require mortgagees to do before foreclosure, but that's not law in New Hampshire And why because the the New Hampshire Supreme Court? prior to the enactment of the current statute pertaining to foreclosure in New Hampshire already had existing case law that Recognized the potential for distinction between a mortgagee and a note owner. And so when you get the foreclosure by power of sales statute then put into effect in 1899 in New Hampshire And it specifically says that the mortgagee or its assignee may conduct a foreclosure and it doesn't say anything else About conditions precedent having to be proof of the note or proof of an instruction from a note holder You have to go by what what you is already in the common law Nowhere do they state that in an instance like this where you've got a mortgagee that's acting as nominee for a lender That's what you get. So you have to at least prove that I don't think you have to prove that and It's presumed here that the mortgagee is acting at the pleasure of the note owner because under the terms of the contract the mortgage contract It can only conduct a foreclosure And to the benefit of the lender and if a condition of the mortgage is breached So do you think any purpose would be served by certifying questions to the New Hampshire Supreme Court? I don't think that is necessary in this case because it would not it wouldn't dispose of the entire case for starters You what it would essentially requires to do is change, New Hampshire to more of a judicial foreclosure state. We're asking We'd be asking to change the entire prima facie burden for foreclosure Basically, it would open up the door for any borrower that wanted to delay foreclosure to file an action and then require that we go into comprehensive discovery into the chain of The note and that's just not required under New Hampshire law That's not a good reason why you wouldn't want to lose if we certified to the Hampshire Supreme Court But I guess just as a matter of certification Your contention is that New Hampshire law and the meaning of mortgagee Notwithstanding the other state courts that have dealt with a similar problem and have had difficulties with it is So clear that certification would be inappropriate No, and I'm not contending that The New Hampshire Supreme Court shouldn't take up this issue at the appropriate time I'm just saying that this is not the case to do it in this case For sir, if you look back at this court's decision, for example in Woods v Wells Fargo We have a situation where there is there is a mortgage assignment that is no longer at issue It's not being challenged on appeal. And so the only issue is Is there is there a problem with the note and in this instance, we've already put the note and with its endorsements into the record as Exhibit a to the motion to dismiss and if and even though the plaintiff's attorney argues that there are multiple versions of the note if you look at the Multiple versions of the note that are attached to the plaintiff's opposition to the motion to dismiss if you add them up together They all equal the the note that was attached to Bank of New York Mellon's motion One more question just to respond to the point that they weren't we don't know if it was a MERS member and That that might raise a question about just how much authorization this particular mortgagee has Well, I mean you can go into the public record and find out that Bank of New York Mellon is a MERS member It's it's on the MERS It's on the MERS website But I would also point out that here there's absolutely got it from though I'm sorry who it got it from everyone in the whole chain was a MERS member. Yes, everyone in this whole chain was a MERS member That's on the record in the case. It's not on the record in the case, but it was not it was not positive before So the issue comes down to the fact that it is not our burden Or the the bank's burden under current, New Hampshire law the statute that clearly contemplates two distinct actions one for a note holder on behalf of a note and one for a mortgagee under a mortgage and based on common law that never says anything about a mortgagee needing to prove up a note in order to conduct a foreclosure and In this instance, we even have a note in evidence that there's no there's nothing other than mere conjecture and hypotheticals that challenges whether Bank of New York Mellon has the right to enforce that note So I take your point that Depending on what would what questions get certified and what the answers might be It may not be the end of this case It could be the end of the case correct, but it may not be which is a reason not to certify On the other hand there are important questions of state law here That we are not usually inclined to get out in front of the state courts on so it's for me It's a bit of a quandary and and I would simply say From a position of equity. This is a loan that hasn't been paid in very many years We have a valid if we get it wrong. This is going to affect lots and lots of mortgages in the future Well, you could limit it to the determination specifically of this case and that there is a note in evidence with endorsement in blank And the only challenge being made to that note is a hypothetical that there because there are multiple Copies of it which when you add them up It's just prior versions that lead to the final version which was attached to the motion to dismiss There's there's simply nothing in the record that gives any kind of credence to Challenging that the note is endorsed in blank and in the possession of Bank of New York Mellon Which also has holds the mortgage by valid assignment so it could the decision could be upheld on the specific facts of this case Thank you your honors I Think I can solve your or at least help solve your quandary with respect to the certification There's no injunction in place against the against foreclosing on my client's home We haven't filed a stay the bank technically could fight could foreclose if it wants to I assume it chooses not to But that I think that might help in terms of deciding whether or not to certify this case in the New Hampshire Supreme Court Sure, it might make the case go further, but equitably the bank has The ability to go forward with the foreclosure if it chooses again, there's no stay and there's no injunction Can I just ask you about that though because there's arguably that goes in the other direction, which is that we're in a bit of an odd Position where you're not asking to stop the foreclosure But we'd be asking the New Hampshire Supreme Court to do a lot of heavy legal lifting When at any moment it could foreclose if they did foreclose what would that do to the case? It wouldn't do anything to the case your honor except maybe maybe throw an additional wrench into it as the Gordonville case discusses that I cited my reply brief that actually happened where and it was sort of a different posture It was a preliminary injunction situation where the preliminary injunction against foreclosure was denied the case proceeded to the permanent injunction phase My reading of the case is the court ultimately granted the permanent injunction But in the meantime the foreclosure had occurred so it was just a matter of undoing the foreclosure But it didn't affect the posture of the case as far as as far as my reading of it goes based on the limited facts In that opinion and again, I cited that in my reply brief Ultimately, what we want to do here is just make sure that the correct and I'm understanding something the foreclosure goes forward Why doesn't the case become move? Again for oh for two reasons really one is mr. Castagnaro would still be able to pursue His his claim that he's entitled to a permanent injunction against foreclosure Even though the dismissal sort of negates the preliminary aspect of it And secondly, it's a novel issue of state law that you know may come up again But it's extremely important that we we get a ruling on these issues so that We can decide how other cases are to come up or are going to resolve themselves You have a final point The only the only final point I wanted to make your honor is that we want to know Who has the power and authority to foreclose? We want to make sure that not only is the correct party foreclosing But at the end of the day my clients paying the right party For the deficiency or you know for ongoing mortgage payments or whatever it might be This isn't about from getting out from under the mortgage or avoiding the note This is merely we want to know who holds the mortgage who holds a note make sure the right person's doing the foreclosing Thank you, Your Honor